# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 14, 2008

Steven M. Larimore
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 06-12771-GG**
Case Style: Sean O'Connor v. Arthur Brown
District Court Number: 03-20716 CV-FAM ()



FILED by AOD D.C.
APR 2 1 2008
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Tonya Richardson (404) 335-6176

MOT-2 (06-2007)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

06-12771-GG

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 14 2008
THOMAS K. ___
CLERK

SEAN O'CONNOR,

                                                       Plaintiff-Appellant,

versus

BEATRIXE EUGENE,

                                                       Defendant-Appellee.

_____

On Appeal from the United States District Court for the
Southern District of Florida
_____

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

BEFORE: ANDERSON, BLACK, and MARCUS, Circuit Judges.

_____
Deputy Clerk
Atlanta, Georgia

BY THE COURT:

The Court has learned that, on January 21, 2008, the district court issued an order granting Appellant's motion to tax costs for the appellate filing fee, pursuant to Fed.R.App.P. 39(e)(4). Rather than taxing costs against Appellee, however, as provided by Fed.R.App.P. 39(a)(3), the court taxed costs against "the United States," which was not a party to the appeal. Furthermore, the district court instructed this Court's Clerk to "reimburse" Appellant in the amount Appellant has already paid

toward appellate fees.

Appellant is subject to the Prison Litigation Reform Act's requirement that he pay full filing fees. See 28 U.S.C. §§ 1915(b)(1) and (h); cf. Goins v. Decaro, 241 F.3d 260 (2d Cir. 2001).

Fed.R.App.P. 39(e) provides that certain specified costs "...are taxable in the district court for the benefit of the party entitled to costs under this rule." See also Goins, supra, at 262 (observing in dicta that a prisoner who had appealed the dismissal of his 42 U.S.C. § 1983 complaint would have been able to recover filing costs from his adversary under Rule 39(e) had he prevailed on appeal).

On the Court's own motion, we hereby VACATE the district court's January 21, 2008, order. This matter is REMANDED with instructions to enter an order on Appellant's motion for costs which conforms to 28 U.S.C. §§ 1915(b)(1) and (h) and Fed.R.App.P. 39(a)(3) and (e).

Appellant's "Amend and Supplement Motion for Taxation" is DENIED, WITHOUT PREJUDICE to Appellant's right to recover appellate filing fees from Appellee should the district court so order on remand. See Goins, supra.