```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 03-20716-CIV-MORENO
                              MAGISTRATE JUDGE P. A. WHITE
SEAN O'CONNOR,               :

        Plaintiff,           :

v.                           :        REPORT OF
                                      MAGISTRATE JUDGE
ARTHUR BROWN, et al.,        :

        Defendants.          :
_____
```

**This Cause is before the Court upon plaintiff's Motion for Contempt (DE#193).**[1] This pro se civil rights action pursuant to 42 U.S.C. §1983 has had a long and convoluted history. In pertinent part, motions to dismiss were filed by defendants Eugene [DE#93] and Mack [DE#110]. As grounds for relief, both defendants argued that plaintiff failed to state a claim, and that he had failed to comply with the pre-suit administrative exhaustion requirement of 42 U.S.C. §1997e(a). Upon a Report and recommendation (DE#118), Eugene's motion was denied, and Mack's motion was granted on the ground that as to him the complaint failed to state a claim (Order, DE#122). Then, upon Eugene's Motion for Reconsideration (DE#123), the Court granted Eugene's Motion for Reconsideration and Motion to Dismiss, finding that plaintiff had failed to exhaust his available administrative remedies (Order, DE#139, entered, March 30, and docketed March 31, 2006). Plaintiff Appealed from the March 30/March 31,2006 ruling [USCA #06-12771G]. The case, however, was not closed, and opposing motions for summary judgment by the plaintiff (DE#113) and defendant Eugene (DE#131) were pending on the docket. A Report was entered (DE#143, 4/27/06) recommending that plaintiff's motion be denied, and that Eugene's motion be granted based on entitlement to qualified immunity. Upon Consideration of the Report (DE#143), and Eugene's objections (DE#146) arguing that the Court's March 30 Order DE#139 had mooted the pending summary judgment motions (DE#s 113 and 131), the Court, adopted the Report DE#143, in part, and closed the case.

---

[1] The case is closed on the docket; and the pendency of the Motion (DE#193) was made known to the undersigned as the result of a call from Chambers.

Ultimately, in plaintiff's Appeal [USCA #06-12771GG], the Eleventh Circuit entered an Order granting "appellee's [defendant Eugene's] motion for summary reversal, seeking vacatur of the district court's March 31, 2006, order dismissing appellant's [plaintiff O'Connor's] complaint. (Order DE#162, Vacating and Remanding for further proceedings, in light of Jones v. Bock, __ U.S. ___, 127 S.Ct. 910, 921 (2007)(failure to exhaust is an affirmative defense under the PLRA; inmates are not required to specially plead or demonstrate exhaustion in their complaints). Upon entry of the Eleventh Circuit's Order DE#162, the plaintiff filed a Motion for Taxation of Costs (DE#165), asking that the $455.00 lien for his appellate filing fee which was lodged against his prison bank account be removed, and that he be reimbursed that portion of the fee which he had already paid in installments [according to him, $67.60, at that point].

The Court reopened the case (Order DE#163). Thereafter, upon referral for further proceedings (Order DE#164), a Supplemental Report was entered on November 19, 2007, with recommendations for disposition of Eugene's Motion to Dismiss, DE#93; O'Connor's Motion for Summary Judgment, DE#113; and Eugene's Cross-Motion for Summary Judgment, DE#133; and dismissal of nurse Mendoza. (See Report, DE#169). Ultimately, that Report was adopted, and the case was again closed, disposing of all claims against all defendants. (Order, DE#172).

In the interim, between the reopening of the case (Order DE#163) and entry of the Supplemental Report (DE#169), the Eleventh Circuit on November 1, 2007, entered an Order (DE#167) denying, appellant O'Connor's "Motion for Taxation of Costs" [DE#165], without prejudice to seek in the District Court taxation of costs recoverable under Fed.R.App.P. 39(e), including "the fee for filing the notice of appeal," as provided in Fed.R.App.P. 39(e)(4).

O'Connor then filed a renewed motions for taxation of costs (DE#s 168, 176); which the Court granted, along with DE#165. (See Order, DE#177, entered January 21, 2008).  That Order was vacated by the Eleventh Circuit (Order DE#184, Vacating, and Remanding), with instructions to enter an Order conforming with 28 U.S.C.

§1915(b)(1) and (h) and Fed.R.App.P. 39(a)(3) and (e).  O'Connor then filed motion for Reimbursement of Costs (DE#186), stating that appellate filing fee partial payments had reached a total of $115.71. An Order was entered by the Court on May 27, 2008 (DE#187), granting O'Connor's motion for reimbursement; and ruling that defendant Eugene pay O'Connor the amount of $455.00, as reimbursement for the filing fee in Appeal 06-12771-GG, as Fed.R.App.P. 39(e)(4) authorizes the Court to tax costs for the "fee for the filing of the notice of appeal." On July 21, O'Connor's "Motion to Order Payment from Defendant Beatrixe Eugene" was filed (DE#189). This was followed by O'Connor's "Motion to Compel Defendant Beatrixe Eugene to Comply with the Court's Order of May 27, 2008." (Motion DE#191, docketed October 14, 2008).  On October 24, 2008, the Court entered an Order (DE#192) granting O'Connor's Motions DE#s 189 and 191.

**This Cause is now before the Court upon plaintiff O'Connor's Motion for Contempt of Court (DE#193),** due to defendant Eugene's failure to pay the $455.00 assessed as costs allowable under Fed.R.App.P. 39(e)(4), as required by the Court's Order of October 14, 2008 (DE#191). Review of the record (the Docket and Order) indicates that copies of the Order were sent to "counsel of record."  Plaintiff O'Connor is representing himself. Defendant Eugene was represented by Oren Rosenthal, Esquire, of the Dade County Attorney's Office. The defendant Eugene, who was not proceeding *pro se*, was not individually sent a copy.

Under the circumstances, it is Recommended that: 1) plaintiff O'Connor's motion for Contempt (DE#193), should be denied, without prejudice; 2) a Notice of Compliance and/or Status Report regarding steps being taken to comply with the Chief Judge's Order (DE#192), be submitted to the Chief Judge, forthwith, by counsel from the Dade County Attorney's Office to whom the case is assigned.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: August, 20th , 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Sean O'Connor, <u>Pro Se</u>
DC# 138044
Jackson Correctional Institution
5563 10th Street
Malone, FL 32445-3144


Oren Rosenthal, Esquire
Assistant County Attorney
Miami-Dade County Attorney's Office
Metro Dade Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128


The Honorable Federico A. Moreno, Chief Judge